931 F.2d 893
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mattie M. JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1937.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Mattie Mae Johnson appeals the district court's judgment which affirmed the appellee's denial of her application for social security disability benefits under 42 U.S.C. Sec. 423. Her case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Johnson alleged that she became disabled on March 7, 1977, due to a variety of impairments. At that time, Johnson was 56 years old. An administrative law judge (ALJ) denied Johnson's claim because he found that she did not have enough quarters of relevant earnings to be fully insured by Social Security. The Appeals Council adopted the ALJ's decision and denied Johnson's claim. The district court, adopting a magistrate's recommendation, affirmed the Secretary's determination that Johnson was not entitled to benefits. It is from this judgment that Johnson now appeals.
 
 
 3
 To be fully insured, a claimant must have at least one quarter of coverage for each calendar year between the year in which she turned 21 and the year before the onset of her disability. 42 U.S.C. Secs. 414,416(i); 20 C.F.R. Secs. 404.110, 404.130. It is undisputed that Johnson's earnings record shows coverage for only 22 of the 25 quarters that are necessary, in her case, for eligibility for disability benefits. The present dispute involves Johnson's claim that she is entitled to an additional 19 quarters of coverage for baby-sitting work which she performed from June 1967 to September 1971. The Secretary agrees that Johnson performed this work. However, the Secretary found that Johnson could no longer amend her earnings record because she was self-employed.
 
 
 4
 Johnson admits that no contributions were made to Social Security regarding the income that she derived from baby-sitting. However, she asserts that she will make these contributions if she is allowed to amend her earnings record. An earnings record may be amended without regard to a claimant's employment status until three years, three months and fifteen days after the end of the calendar year in which she last received earnings. After that time, a rebuttable presumption is created regarding the record of wages that an employee was paid. However, the absence of an entry on the earnings record is conclusive evidence regarding self-employment income which has not been reported on the claimant's federal income tax return. 42 U.S.C. Secs. 405(c)(4)(B), 405(c)(4)(C), 405(c)(5); 20 C.F.R. Secs. 404.803, 404.822. Johnson concedes that she did not report the income derived from babysitting on her tax return. Therefore, her earnings record may not be amended if she performed this work as an independent contractor rather than an employee. If Johnson's earnings record is not amended, it will not reflect enough covered quarters for her to be fully insured.
 
 
 5
 The standard of review that applies to Johnson's case was articulated by this court in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Id. at 681 (citations omitted).
 
 
 8
 In addition to her testimony at the administrative hearing, Johnson submitted the affidavits of several individuals who paid her for watching their children between 1969 and 1971. This evidence tends to indicate that Johnson was an employee because she was paid by the hour or week, rather than by the job. See 20 C.F.R. Sec. 404.1007(b)(8). However, the evidence also clearly shows that Johnson had her own work place and that she worked for a number of individuals at one time. This evidence provides substantial support for the Secretary's finding that Johnson was self-employed. See 20 C.F.R. Secs. 404.1007(c)(3) and (5). While the mothers' affidavits indicate that they "gave instructions for the care and treatment" of their children, none of the evidence suggests that they had sufficient control over Johnson to meet the common law definition of an employee. See Social Security Ruling 61-27; cf. Copenhaver v. Weinberger, 388 F.Supp. 127 (W.D.Va.1975), and cases cited therein.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.